**LUBIN et v PAYNE** .

Ohio Appeals, 1st Dist, Hamilton Co

No 4411.   Decided July 3, 1933

Henry E. Beebe, Cincinnati, for plaintiffs in error.

August A. Rendigs, Jr., Cincinnati, and J. G. DeFosset, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

We have examined the record in the case to ascertain what duty the owners of the building owed Payne in the premises. The pit was not a place for the accommodation of the tenants of the building. Differentiating the facts in those cases where there were common passage-ways, stairways, or halls, the owners of the building in the instant case did not maintain the furnace for the purpose of burning papers. The evidence is that the refuse in the building was gathered up and disposed of by a janitor of the building. The only excuse Payne offered for going to the basement was that the janitor maintained a desk in the basement, where the tenants went to pay their rent. The furnace was in a different apartment in the basement. Payne had nothing to do with the operation of the furnace. By going to the furnace room, he sought to accommodate himself in the destruction of some papers. He said he saw a glow of light from the furnace door and thought that was the bottom of the furnace. The claim is that this defeats the rule applicable to "step in the darkness" cases.

It is not necessary to go into a discussion of "step in the darkness" cases.

What we have said shows the owners of the building, plaintiffs in error here, owed no duty to Payne to guard or light the furnace pit. He entered the apartment at his own risk.

The judgment of the Court of Common Pleas will be reversed, and final judgment for the plaintiffs in error will be entered here.

CUSHING and ROSS, JJ, concur.